UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**HOMER HERBERT BANKS, #123628**

    **Petitioner,**

                                             **Civil No: 01-CV-73385**
                                             **Honorable Nancy G. Edmunds**
                                             **Magistrate Judge Steven D. Pepe**

**v.**

**ANDREW JACKSON**,

    **Respondent.**

_____

**OPINION & ORDER GRANTING ORDER TO STAY & HOLD IN
ABEYANCE FEDERAL HABEAS CORPUS PROCEEDINGS**

**I. Introduction**

This habeas matter is before the Court on remand from the United States Court of Appeals for the Sixth Circuit. Petitioner was convicted of two counts of first degree murder and was sentenced to two concurrent terms of life imprisonment without the possibility of parole. He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 raising the following claims: (1) actual innocence; (2) violation of Petitioner's right to remain silent; (3) improper admission of gruesome photographs; (4) prosecutorial misconduct; (5) ineffective assistance of trial and appellate counsel; (6) unconstitutional jury instructions; and (7) cumulative trial error. This Court denied Petitioner's request for habeas relief, and Petitioner sought to appeal the judgment. The Court granted in part Petitioner's motion for certificate of appealability; and Petitioner proceeded with his appeal to the Sixth Circuit Court of Appeals raising the following claims: (1) ineffective assistance of counsel due to the trial attorney's alleged failure to communicate plea offers to the Petitioner; (2)

prosecutorial misconduct regarding claims that the prosecutor vouched for the credibility of certain witnesses; and (3) Petitioner's cumulative error claim.

Petitioner did not raise before the state appellate courts his ineffective assistance of trial counsel claim as it relates to the attorney's failure to communicate to the Petitioner plea offers made by the prosecutor prior to trial. Therefore, the issue before the Sixth Circuit Court of Appeals was whether Petitioner's ineffective assistance of trial counsel claim was procedurally defaulted. The Sixth Circuit held that the ineffective assistance of counsel claim was not procedurally defaulted because "it is at least debateable whether the Michigan courts would entertain [Petitioner's ineffective assistance of trial counsel] claim on a second or successive motion for state postconviction relief . . . " *Banks v. Jackson,* 149 Fed. Appx. 414, 418 (6th Cir. 2005). Therefore, Petitioner arguably has a remaining remedy under Michigan Law. *Id.* at 417. Accordingly, the Sixth Circuit reversed this Court's denial of Petitioner's request for habeas relief and remanded the matter to this Court with "instructions to determine whether the stay and abeyance procedure is warranted." *Id.* at 422.

## II. Discussion

Petitioner contends that trial counsel, William Ziem, was ineffective because his attorney failed to advise him that plea offers had been proposed by the prosecutor. To prevail on his ineffective assistance of counsel claim, the Petitioner must show that the state court's conclusion regarding this claim was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). See *Cathron v. Jones*, 190 F.Supp.2d 990, 996 (E.D.Mich.2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel. The petitioner must show: (1) that counsel's performance was deficient, and (2) that the deficient performance

prejudiced the defense. *Strickland v. Washington*, 466 U.S. at 687. The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. See *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir.2005).

"A defense attorney's failure to notify his client of a prosecutor's plea offer constitutes ineffective assistance of counsel under the Sixth Amendment and satisfies the first element of the *Strickland* test." *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir.2003). To satisfy the prejudice element of the *Strickland* test, Petitioner must show "that there is a reasonable probability the petitioner would have pled guilty given competent advice." *Id.* Of course, the antecedent question in resolving such a claim is whether the prosecutor in fact extended any plea bargain to defense counsel. See *Guerrero v. United States*, 383 F.3d 409, 417 (6th Cir. 2004). Here, Petitioner's claim founders on this antecedent question.

In factual support of Petitioner's ineffective assistance of counsel claim, an affidavit from Shawn Perry, who is the attorney that represented Petitioner's wife in connection with the criminal offenses with which Petitioner was charged, was submitted to the Court . Ms. Perry indicated that she was present when the prosecutor made "multiple, direct and real plea offers to Mr. Ziem to secure Mr. Banks' cooperation in convicting co-defendant Tim Poole." *(Affidavit of Shawn L Perry, dated 4/27/05, pg. 1).* Ms. Perry also stated that these plea offers were immediately rejected and to her knowledge Mr. Ziem did not inform Petitioner about the offers. *Id.* Second, although Mr. Ziem stated in a letter he authored that no formal plea offer was made, he admitted that he recalled discussing a manslaughter plea with the prosecutor. Third, Petitioner submitted an affidavit from his appellate counsel, Arthur Fitzgerald, which helps to support Petitioner's claim that he did not know about the existence of any plea offers during his appellate process and therefore, could not

3

have exhausted the issue in the state appellate courts. Finally, Petitioner filed his own affidavit with the Court which states that he would have accepted a plea offer rather than proceed to trial.

The issue before the Court is whether Petitioner's habeas petition should be held in abeyance pending the exhaustion of his ineffective assistance of counsel claim. In order to resolve this matter, the Court must engage in a two-fold analysis: (1) whether Petitioner is in compliance with the *Rhines* test relative to his ineffective assistance of counsel claim; and (2) whether Petitioner's discovery of his ineffective assistance of counsel claim constitutes "new evidence" so that a successive motion for relief from judgment is permitted under MCR6.502(G)(2) for exhaustion purposes.

**A.  *Rhines v. Weber,* 544 U.S. 269 (2005)**

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir.1998). Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. *Anthony v. Cambra,* 236 F.3d 568, 575 (9th Cir.2000).

Petitioner maintains that this matter should be stayed and held in abeyance so that he may exhaust his ineffective assistance of counsel state court claim. In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court stated that a district court's discretion to issue stays in habeas cases is circumscribed to the extent it must "be compatible with AEDPA's [Antiterroism and Effective Death Penalty Act] purposes." 544 U.S. at 276. The *Rhines* Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003), and *Duncan v. Walker*, 533 U.S. 167, 179 (2001)). In addition,

the AEDPA's statute of limitations tolling provision was intended to "reinforce [ ] the importance of *Lundy's* "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276-77 (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). The *Rhines* Court went on to state:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.... For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The *Rhines* court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277. "On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

### 1. Good Cause

Federal courts have yet to achieve a consensus on what constitutes good cause within the meaning of *Rhines v. Weber* for failing to exhaust state court remedies. Various courts have adopted the standard for cause applicable to procedural defaults which requires that some "objective factor

external to the defense" made it impossible to bring the claim earlier in the state court proceedings as required by *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). Others, such as *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir.2005), and the remanded *Rhines v. Weber*, 2005 WL 3466015, *2-3 (D.S.D., December 19, 2005) concluded that good cause did not require a showing of "extraordinary circumstances."

Another court to discuss the standard of good cause under *Rhines* was the Eastern District of Pennsylvania. That court concluded that the good cause standard falls somewhere between the "lower threshold of unfairness," and the "higher standard of extraordinary circumstances, necessary for equitable tolling in capital cases." See *Baker v. Horn*, 383 F.Supp.2d 720, 747 (E.D.Pa.2005). Case law in this district prior to the *Rhines* decision held that in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. See *Sitto v. Bock*, 207 F.Supp.2d 668, 676 (E.D.Mich.2002); *Hudson v. Martin*, 68 F.Supp.2d 798, 800 (E.D.Mich.1999).

In this case the issue is whether the factual circumstances as espoused by the Petitioner constitute good cause for failing to exhaust his ineffective assistance of counsel claim. Petitioner's basis for not exhausting the claim is that he had no knowledge of his attorney's conduct relative his withholding of information about plea offers made by the prosecutor until after he had been through the appellate process. Petitioner's assertions in this regard are supported by Attorney Shawn Perry, who attested to plea offers being made to Mr. Ziem and said offers being immediately rejected without Petitioner being present.

Additionally, although Mr. Ziem stated in a letter he authored that no formal plea offer was made, he admitted that he recalled discussing a manslaughter plea with the prosecutor. Therefore,

the claim that one or more plea offers were in fact made is one that is not unreasonable to accept as true. In further support, Attorney Arthur Fitzgerald attested to the fact Petitioner never mentioned the lack of communication by Mr. Ziem relative to plea offers being made by the prosecutor while Mr. Fitzgerald was preparing for Petitioner's appeal. Moreover, Mr. Fitzgerald attested that Mr. Ziem was not forthcoming with any information regarding the matter. This indirectly supports Petitioner's claim that during the appellate process, he was unaware of Mr. Ziem's conduct relative to these plea offers.

Finally, Petitioner also filed his own affidavit with the Court which states that he would have accepted the a plea offer rather than proceed to trial. Considering that Petitioner is serving two concurrent life sentences without the possibility of parole for his two first degree murder convictions when he was purportedly offered an opportunity to accept a plea for manslaughter and a lesser sentence, it is reasonable to believe that Petitioner would have accepted the plea offer. See, *Wanatee v. Ault,* 101 F. Supp 2d 1189, 1200, 1204-05 (N.D. Iowa 2000) ("The test for determining whether a defendant would have accepted a plea offer had he been properly advised of the law is an objective one, under which the court considers what a reasonable defendant would have decided to do, had he been given proper advice," quoting, *Banks v. Jackson,* No: 01-CV-73385 (E.D. Mich. February 25, 2003) (Edmunds, J.)

Petitioner has established, for purposes of this analysis, that during Petitioner's trial, the prosecutor presented plea offers to Mr. Ziem and that Petitioner had no knowledge of these offers until after the state appellate process was over. Petitioner has further shown through Mr. Fitzgerald and his own affidavit testimony that he would have pled guilty had he been given competent advice.

Therefore, the next question is whether Petitioner's lack of knowledge constitutes good cause to hold this matter in abeyance. The Court finds that it does.

Essentially, Petitioner is asserting that he lacked knowledge about the plea offers because his trial attorney misrepresented the status of his case by concealing the prosecutor's willingness to offer some variation of a manslaughter plea in exchange for Petitioner's assistance in prosecuting another criminal defendant. An attorney's dishonesty, fraud, deceit or misrepresentation implicates a violation of the ABA's Model Code of Responsibility. *DR I-102(A)(4)*. Moreover, a petitioner, may demonstrate rare and extraordinary circumstances if he shows that his attorney deceived him and that he reasonably relied on his attorney's misrepresentations (in the context of equitable tolling). *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir 2003.). Accordingly, the Court finds that Petitioner's lack of knowledge regarding the plea offers as a result of Mr. Ziem's alleged failure to not only communicate the offers to the Petitioner, but also his failure to provide competent advice about the same, constitutes good cause for Petitioner's inability to exhaust his ineffective assistance of counsel claim in the state courts.

### 2. Potential Merit

Case law provides that a defense counsel's failure to communicate to the client that a plea offer has been made constitutes ineffective assistance of counsel under the Sixth Amendment and satisfies the first element of the *Strickland* test. *Griffin v. United States*, 330 F.3d at 737. Petitioner has submitted persuasive evidence to support his claim that Mr. Ziem withheld information about the prosecutor's plea offers. Case law also provides that the second element of the *Strickland* test, showing of a prejudicial impact upon the Petitioner resulting from the attorney's conduct, has been demonstrated by presenting evidence to show that there is a reasonable probability that he would

8

have pled guilty if he had been given competent advice. See *Id.* This was established through Mr. Fitzgerald's and Petitioner's own affidavit testimony that he would have pled guilty had he been presented with the plea offers.

Accordingly, the Court finds that Petitioner's ineffective assistance of counsel claim is potentially meritorious.

### 3. Dilatory Litigation Tactics

Petitioner asserts that he has not engaged in dilatory litigation tactics. Respondent states that it is not apparent from the record that Petitioner was dilatory in his litigation of this matter. The Court agrees. Accordingly, Petitioner has met the third prong of the *Rhines* test, which substantiates this matter being held in abeyance pending Petitioner's exhaustion of his ineffective assistance of counsel claim.

### B. New Evidence

Although the court has found that stay and abeyance of this matter is proper under *Rhines,* Petitioner still must have available to him a forum in which to litigate his unexhausted claim. Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. See *Banks v. Jackson*, 149 Fed. Appx. 414, 418 (6th Cir.2005); *People v. Ambrose*, 459 Mich. 884, 587 N.W.2d 282 (1998). Since Petitioner has already filed a motion for relief from judgment in this matter, a successive post-judgment motion analysis is applicable. A petitioner may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *MCR6.502(G)(2).* Since there is no issue of a retroactive change in the law in this case, the issue becomes whether Petitioner's

9

discovery of his ineffective assistance of counsel claim constitutes "new evidence" so that a successive motion for relief from judgment is permitted under MCR6.502(G)(2) for exhaustion purposes, hence, the second prong of this stay and abeyance analysis. The Sixth Circuit in this case has provided guidance relative to this issue. See *Banks v. Jackson*, 149 Fed. Appx. 414, 418-20 (6th Cir.2005)

With respect to Petitioner's case, the Michigan courts have yet to indicate whether the term "new evidence" in M.C.R. 6.502(G)(2) would include newly discovered evidence of ineffective assistance of counsel. See, *Hudson v. Martin,* 68 F.Supp.2d 798, 801 (E.D. Mich. 1999). This Court is therefore unable to state conclusively that Petitioner's post-judgment motion would automatically be rejected by the Michigan courts. Petitioner's alleged newly discovered evidence is the existence of plea offers made prior to trial and his attorney's failure to communicate those offers. Because there is some likelihood that the Michigan courts might permit Petitioner to file a second post-conviction motion for relief from judgment pursuant to the newly discovered evidence exception contained in M.C.R. 6.502(G)(2), a procedural bar to Petitioner filing such a second motion is not clearly applicable. Therefore, this Court should grant Petitioner a stay of proceedings to permit him to return to the state courts to attempt to exhaust this claim. See *Banks v. Jackson*, 149 Fed. Appx. at 419-20.

### III. Conclusion

For the foregoing reasons,

Accordingly,

IT IS ORDERED that petitioner may file a post-conviction motion for relief from judgment with the state court within sixty (60) days of receipt of this Court's order. If Petitioner fails to file

a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice.

IT IS FURTHER ORDERED that if the Petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court.

IT IS FURTHER ORDERED that this case shall then be **HELD IN ABEYANCE** pending the Petitioner's exhaustion of the claims.

IT IS FURTHER ORDERED that the Petitioner shall re-file a habeas petition within sixty (60) days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

IT IS FURTHER ORDERED that the Clerk of Court to **CLOSE** this case for statistical purposes only.

> s/Nancy G. Edmunds
> **Nancy G. Edmunds**
> **United States District Judge**

Dated:  October 5, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 5, 2006, by electronic and/or ordinary mail.

> s/Carol A. Hemeyer
> Case Manager